UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HECTOR NUNEZ and ESTEBAN ROSARIO-REYES,
on behalf of themselves and all others similarly situated,

                       Plaintiffs,

            -against-

LIBERTY PLACE PROPERTY MANAGEMENT,
LPPM PAYROLL, LLC, and CRP PARK AVENUE,
LLC,

                       Defendants.
-------------------------------------------------------------------X

Dkt. No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**Collective Action and Class Action Complaint**

Plaintiffs Hector Nunez, ("Nunez") and Esteban Rosario-Reyes, ("Reyes") (collectively, "Plaintiffs"), by and through their attorneys, Joseph & Norinsberg, LLC, alleges on behalf of themselves and all others similarly situated, as follows:

## NATURE OF CASE

1. Plaintiffs bring this action on behalf of themselves and all others similarly situated for Defendants' systemic and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); (ii) the overtime provisions of the New York Labor Law ("NYLL") and N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the spread of hours requirement as contained in the NYCCRR; (iv) the requirement that employers furnish employees with a written statement at the time of hiring, and on an annual basis, containing specific categories of information under the NYLL § 195(1), codified as the New York Wage Theft Prevention Act (the "NYWTPA"); (v) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL § 195(3); and (vi) any other cause(s) of action that can be inferred from the facts set forth herein.

1

**PRELIMINARY STATEMENT**

2.     Plaintiffs were building superintendents and handymen who worked for the Defendants from August 2013 until on or about March of 2017. Throughout the course of their employment, Plaintiffs regularly worked as many as seven days a week, and well over 40 hours each week -- including the requirement that they be on-call 24 hours a day, seven days a week to deal with any issues that arose in the buildings they serviced -- without receiving overtime pay and spread of hours as required by law. Plaintiffs' claims are limited to the damages they incurred during the relevant statutory period.

3.     Upon information and belief, the corporate entities named herein – Liberty Place Property Management, LPPM Payroll LLC and CRP Park Avenue, LLC, (collectively the "Defendants") – are believed to operate as an enterprise, owning and managing at least 35 residential apartment buildings, during the relevant time period, throughout the City of New York. These Defendants have willfully failed to pay their superintendents and handymen overtime wages as required by law, and deliberately and willfully engaged in conduct to conceal their unlawful pay practices.

4.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, both current and former employees, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by the Defendants that have deprived Plaintiffs and others similarly situated of their lawful wages.

5.     Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, for

violations of New York Labor Law ("NYLL") § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

7. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) (2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as at least one of the Defendants reside within this judicial district.

## DEMAND FOR A JURY TRIAL

9. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

*Plaintiff Hector Nunez*

10. Plaintiff Nunez is an individual who, at all times relevant to this Complaint, has been a resident of the City and State of New York.

11. Plaintiff was employed by the Defendants as a building superintendent and handyman from August 2013 until on or about March of 2017.

12. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA, 29 USC § 203(e), and NYLL § 190(2).

3

*Plaintiff Esteban Rosario-Reyes*

13. Plaintiff Reyes is an individual who, at all times relevant to this Complaint, has been a resident of the City and State of New York.

14. Plaintiff was employed by the Defendants as a building superintendent and handyman from on or about February 2015 through on or about March of 2017.

15. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA, 29 USC § 203(e), and NYLL § 190(2).

*Defendant Liberty Place Property Management*

16. At all times relevant to this action, Defendant Liberty Place Property Management, LLC ("Liberty") was and is a domestic business corporation, with its principal place of business located at 1841 Broadway, New York, New York, 10023.

17. At all times relevant to this action, Liberty was and is engaged in interstate commerce, as defined by the FLSA, and Liberty's qualifying annual business exceeds $500,000.00, the combination of which subjects Liberty to the FLSA's overtime requirements.

18. At all times hereinafter mentioned, Liberty exercised control over the terms and conditions of Plaintiffs' employment, in that the Defendants had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiffs herein; and (v) otherwise affect the quality of the employees' work conditions and employment.

19. Upon information and belief, Liberty owns and operates, or during the relevant time period, has owned and operated, at minimum 35 residential buildings in the City of New York, including buildings at which the Plaintiffs worked.

4

20. Defendant Liberty was one of the corporate entities that issued compensation to the Plaintiffs during the relevant time period.

21. Upon information and belief, Defendant Liberty was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

*Defendant LPPM Payroll LLC*

22. At all times relevant to this action, Defendant LPPM Payroll, LLC ("LPPM") was and is a domestic business corporation, with its principal place of business located at 1841 Broadway, New York, New York, 10023.

23. Upon information and belief, LPPM is a shell, subsidiary, partner and/or agent of Liberty Place Property Management, LLC.

24. Defendant LPPM was one of the corporate entities that issued compensation to the Plaintiffs during the relevant time period.

25. Upon information and belief, Defendant LPPM was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

*Defendant CRP Park Avenue LLC*

26. At all times relevant to this action, Defendant CRP Park Avenue, LLC ("CRP") was and is a domestic business corporation, with its principal place of business located at 1841 Broadway, New York, New York, 10023.

27. Upon information and belief, Defendant CRP is a shell, subsidiary, partner and/or agent of Liberty Place Property Management, LLC.

28. Defendant CRP was one of the corporate entities that was directly involved in Plaintiffs' compensation, during the relevant time period.

5

29.     Upon information and belief, Defendant CRP was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

30.     Upon information and belief, the three corporate Defendants named herein – Liberty, LPPM, and CRP – operated as an enterprise, collectively owning and operating a minimum of 35 residential buildings in New York City, including the buildings in which Plaintiffs worked.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiffs bring their FLSA claims on behalf of themselves and all others similarly situated who work, or have worked, for the Defendants and their associated entities, as building superintendents or handymen during the statutory period, and who did not receive overtime pay for all hours worked more than forty in the work week (hereinafter, the "FLSA Collective Action").

32.     Defendants are liable under the FLSA for failing to pay overtime premiums at one-and-one-half times the regular rate of pay. There are numerous similarly situated current and former employees of the Defendants who have been similarly underpaid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

33.     The persons in the FLSA Collective Action identified above, including both current and former employees over the relevant period, is unknown, and facts on which the calculation of that number can be based are presently within the sole control of the Defendants. Upon information and belief there are at least 40 FLSA members, and there could be significantly more.

34.     The precise number of FLSA collective action members should be readily available from a review of the Defendants' personnel, scheduling, time and payroll records,

and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

## NEW YORK CLASS ACTION ALLEGATIONS

35.     Plaintiffs bring this action on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), defined to include: All superintendents and handymen employed by the Defendants, during the statutory period, who, inter alia: i) worked in excess of 40 hours per week, and were denied overtime wages at the statutory rate of one-and-a-half times the standard pay rate, in violation of the NYLL; and ii) were denied lawful wage statements with each payment, in violation of the NYWTPA, (hereinafter, the "New York Class Action").

36.     *Numerosity:* The members of the Rule 23 Class are so numerous that joinder of all members in the case would be impracticable. Plaintiffs reasonably estimate there are at least 40 Class Members who reside and work in New York. The precise number of Class Members should be readily available from a review of Defendants' personnel and payroll records.

37.     *Commonality/Predominance:* There is a well-defined community of interest among the Rule 23 Class Members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

      a. Whether Defendants employed and/or jointly employed the Plaintiffs and other similarly situated persons under New York law;

      b. Whether Defendants failed to pay the New York Class the mandatory statutory rate of one-and-one-half times the regular hourly rate for all hours worked in excess of 40 in a workweek;

      c. Whether Defendants violated the NYWTPA by failing to establish, maintain and preserve true and accurate payroll records;

    d. Whether Defendants violated the NYWTPA by failing to provide Plaintiff and Class Members with a written statement upon hiring, and annually, as required by NYLL § 195(1);

    e. Whether Defendants violated the NYWTPA by failing to provide Plaintiff and Class Members with sufficiently detailed wage statements with each payment, as required by NYLL § 195(3);

    f. Whether Defendants failed to pay Plaintiff and other similarly situated persons for an extra hour's work when their workdays lasted more than 10 hours;

    g. Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the NYLL; and

    h. Whether Defendants' violations were willful.

38. *Typicality:* Plaintiffs' claims are typical of those of the Rule 23 Class in that the Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, and course of conduct as all other Rule 23 Class Members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Rule 23 Class Members, as detailed above.

39. *Adequacy:* Plaintiffs will fully and adequately protect the interests of the Rule 23 York Class. Furthermore, the Plaintiffs have retained counsel who are qualified and experienced in the litigation of wage-and-hour class actions.

40. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, inter alia, it is economically unfeasible for the Rule 23 Class Members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual, along with the fear of reprisal by their employer.

41. The case will be manageable as a class action because the Defendants should have payroll systems that will allow the wage-and-hour damages issues in the case to be resolved with

relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

42. The Defendants have acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## CLASSWIDE FACTUAL ALLEGATIONS

43. Plaintiffs bring FLSA and NYLL claims on behalf of themselves and all similarly situated persons employed by the Defendants.

44. As building superintendents and handymen, the job duties of the Plaintiffs and those similarly situated ("Class Members") included, inter alia: a) collecting and taking out garbage on a daily basis; b) making minor apartment repairs and renovations including painting, flooring, and roofing; c) maintaining building boilers; d) checking hallways for cleanliness and maintenance issues; e) tiling; f) plumbing and steam repair; g) cleaning inside and outside the buildings; and h) addressing tenants' concerns.

45. Although the Plaintiffs and Class Members were required to work more than 40 hours a week, the Defendants systematically failed to pay Class Members overtime wages at a rate of one-and-one-half times their regular rate of pay for hours worked in excess of 40 per work week.

46. Significantly, Plaintiffs were assigned "side jobs" which frequently required work in the evenings and on weekends. However, Plaintiffs and Class Members were never compensated at the overtime rate for these "side jobs".

47. At all relevant times, the Defendants failed to keep complete and/or accurate records of the hours worked by and wages paid to the Plaintiffs. Specifically, Defendants insisted that, as a condition of payment, Plaintiffs sign false time sheets.

48. Upon information and belief, the Defendants' unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

49. The Defendants' unlawful conduct has been widespread, repeated, consistent, and willful.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Hector Nunez

50. Plaintiff Hector Nunez worked for the Defendants from August 2013 until about March 2017 when at least one of the Defendants was sold to another organization.

51. From 2013 on, until on or about March 2017, Plaintiff Nunez was employed as a residential superintendent and handyman for Liberty at a residential building located at 275 West 146th Street., apt. 14, New York, NY. The building was owned and operated by the Defendants.

52. Until March 23, 2017, when Liberty was sold, Plaintiff Nunez was supervised by Miguel Rivera and performed work as both a superintendent and handyman, frequently performing side jobs as assigned by the Defendants, into the evenings and on weekends.

53. Plaintiff Nunez lived in 275 West 146th Street, the building he serviced, for the duration of his employment.

54. Despite frequently being required to work late into the evening, sometimes until 8:00 p.m., and being directed by Defendants to work on Saturday and Sunday, 6 hours each day, Plaintiff Nunez was required by Defendants to complete and sign false timesheets that said he worked from 7:00 a.m. to 4:00 p.m., Monday through Friday, with a one hour lunch break.

55. However, contrary to what was written on Defendants' self-serving time sheets, Plaintiff Nunez frequently worked past 4:00 p.m. during the week, was not always able to take a

lunch break, and would be required to work on weekends. Thus, Plaintiff Nunez's *actual* working hours were never recorded.

56. Further, Defendants maintained their "40-hour week" fiction and paid Plaintiff Nunez a flat rate each week, irrespective of the number of hours he actually worked.

57. Indeed, during the entirety of his employment with the Defendants, Nunez worked at least 55 hours per week. He was required to be on-call to deal with any situation or need that arose in the building, 24 hours a day, 7 days a week, on average; he was required to work 8-9 hour days, Monday through Friday, many times more than 10 hour days; and he was frequently required to work an additional 12 hours on the weekend.

58. In willful disregard of the FLSA, the NYLL, and the NYCRR, the Defendants failed to pay Plaintiff premiums at one-and-one-half times the regular rate of pay.

59. Notably, just part of 2015 and 2016 alone, Plaintiff Nunez serviced well in excess of 100 recorded "work orders" for assignments. And although many of these work orders required Plaintiff to work in the evenings and on weekends, he was never paid at the statutory overtime rate for these overtime hours.

60. Additionally, throughout the duration of his employment, Defendants failed to provide Nunez with the required written wage notice, and the required wage statements, in violation of the NYWTPA.

61. Plaintiff Nunez has spoken to other superintendents who are employed by Defendants, and they advised him that, they too, were denied lawful overtime wages.

62. Plaintiff Nunez has been designated as the class representatives for the FLSA Collective Action and the New York Class.

**Esteban Rosario-Reyes**

63. Plaintiff Rosario-Reyes worked for the Defendants from on or about February 2015 until on or about March 2017.

64. For the duration of his employment, Plaintiff Rosario-Reyes was employed as a residential superintendent and handyman for the Defendants.

65. Plaintiff Rosario-Reyes resided in a first-floor studio unit of a building he serviced at 316 117th Street, New York, New York. The building was owned and operated by Defendants.

66. Plaintiff Rosario-Reyes also serviced two other buildings owned and operated by the Defendants: 322 117th Street and 326 117th Street, also both in New York, New York.

67. Until on or about March 23, 2017 Plaintiff Rosario-Reyes was supervised by Miguel Rivera and performed work as both a superintendent and handyman, frequently performing side jobs as assigned by Defendants into the evenings and on weekends.

68. As a condition of his employment, Plaintiff Rosario-Reyes was required by Defendants to complete and sign false timesheets that stated that he worked from 8:00 a.m. to 5:00 p.m., Monday through Friday, with a one-hour lunch break.

69. However, contrary to what was written on Defendants' self-serving time sheets, Plaintiff Rosario-Reyes frequently worked past 5:00 p.m. during the week, almost always until 6:00 p.m. or later; was not always able to take a lunch break; and would be assigned by Defendants to work side jobs on weekends. Thus, Plaintiff Rosario-Reyes' *actual* working hours were never recorded.

70. Indeed, during the entirety of his employment with the Defendants, Rosario-Reyes worked at least 55 hours per week. He was responsible for three (3) buildings, Rosario-Reyes would constantly get complaints from tenants at all hours of the day, so he often worked many

more hours than his timesheets represented, Monday through Friday.  On average, he would work 10-hour days, Monday through Friday, many times more, and he was required by the Defendants to do side jobs on weekends.

71. In willful disregard of the FLSA, the NYLL, and the NYCRR, the Defendants failed to pay Rosario-Reyes premiums at one-and-one-half times the regular rate of pay.

72. Additionally, throughout the duration of his employment, Defendants failed to provide Rosario-Reyes with the required written wage notice, and the required wage statements, in violation of the NYWTPA.

73. Plaintiff Rosario-Reyes has spoken to other superintendents who are employed by Defendants, and they advised him that, they too, were denied lawful overtime wages.

74. Plaintiff Rosario-Reyes has been designated as the class representatives for the FLSA Collective Action and the New York Class.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime under the FLSA)

75. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. Defendants violated the rights of the Plaintiffs and Class Members by failing to pay overtime compensation at a rate not less than one-and-one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

77. Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

78. Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
**(Unpaid Overtime under the NYLL and the NYCRR)**

79. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. NYLL § 160 and 12 NYCRR 142-2.2 require employers to compensate their employees at a rate not less than one-and-one-half times their regular rates of pay for any hours worked in excess of forty per week.

81. Plaintiffs and the Class Members were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one and a half (1 ½) times their regular rate of pay.

82. These practices were in violation of the NYLL and NYCRR.

83. These practices were willful and lasted for the duration of all relevant time periods.

84. In fact, Defendants purposely established a scheme by which Plaintiff and Class Members were paid by forcing them to complete false timesheets, specifically to avoid paying overtime wages.

85. By reason of the foregoing, Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
**(Violation of New York's Spread-Of-Hours Requirement, 12 N.Y.C.R.R. § 142-2.4)**

86. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87. Under New York law, an "employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required [by New York's minimum wage law], for any day in which ... the spread of hours exceeds 10 hours." 12 N.Y.C.R.R. § 142-2.4. Spread of hours is defined as "the interval between the beginning and end of an employee's workday" and "includes working time plus time off for meals plus intervals off duty." 12 N.Y.C.R.R. § 142-2.18.

88. Plaintiffs and Class Members were routinely required to work more than ten (10) hours a day, without being compensated for the legally mandated spread of hours pay.

89. In willful disregard of the N.Y.C.R.R., Defendants failed to compensate Plaintiffs and Class Members an additional hour's pay for each day that Plaintiff and Class Members worked a spread of hours that exceeded ten (10) hours or a split shift.

90. These practices were willful and lasted for the duration of the relevant time periods.

91. By reason of the foregoing, the Defendants are liable in an amount to be determined at trial, plus liquidated damages, costs and attorneys' fees.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Failure to Provide Annual Notices in Violation of the NYLL § 195(1))**

92. Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

93.     Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with an annual notice, setting forth, among other things, "the rate or rates of pay and basis thereof."

94.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with any kind of annual notice whatsoever, let alone an annual notice meeting the requirements of NYLL § 195(1)(a).

95.     NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages of $50.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

96.     During the course of Plaintiffs' and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

97.     Based on the foregoing, Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Provide Wage Statements in Violation of the NYLL § 195(3))

98.     Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

99.     Pursuant to NYLL § 195(3), every employer is required to:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour,

16

shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

100. Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with wage statements meeting the requirements set forth above.

101. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief.

102. During the course of Plaintiffs' and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

103. The paystubs provided to Plaintiffs and Class Members were woefully inadequate, and do not, and cannot, satisfy the requirements of NYLL § 195(3).

104. Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, prays for the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

c. Designating Hector Nunez and Esteban Rosario-Reyes as the Class Representatives;

d. Designating Joseph & Norinsberg, LLC as Class Counsel;

e. Issuing a judgment declaring that Defendants willfully violated the FLSA;

f. Issuing a judgment declaring that Defendants willfully violated the NYLL;

g. Granting judgment in favor of Plaintiffs, FLSA Plaintiffs, and the New York Class, and against the Defendants, and awarding the amount of unpaid overtime wages calculated at the rate of one-and-one-half (1.5) times Plaintiff's regular rate, multiplied by all hours that Plaintiffs worked in excess of the prescribed number of hours per week;

h. Awarding liquidated damages to Plaintiffs, FLSA Plaintiffs, and the New York Class, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and the Class Members;

i. Awarding all other available compensatory damages to Plaintiffs, FLSA Plaintiffs, and the New York Class, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated and double damages by Defendants under the FLSA, NYLL, and NYWPTA;

j. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action;

k. Awarding pre-judgment and post-judgment interest to Plaintiffs on these damages; and

l. Awarding such further relief as this court deems just and proper.

Dated: New York, New York
June 19, 2019

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
Chaya M. Gourarie, Esq.
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 227-5700
Fax: (212) 406-6890
*Attorneys for Plaintiff and Putative Class*