## SETTLEMENT AGREEMENT

This Agreement and Release (the "Agreement") is entered into between Hector Nunez, Esteban Rosario-Reyes and Blas Diaz (together, "Plaintiffs") and Liberty Place Property Management, CRP Park Avenue, LLC, and LPPM Payroll LLC (together, "Defendants")

**WHEREAS**, Plaintiffs have commenced legal action (SDNY, 19-cv-5743 (PAE)(SN)) asserting various claims concerning Plaintiffs' employment (the "Action");

**WHEREAS**, Defendants deny Plaintiffs' material allegations and have asserted various defenses;

**WHEREAS**, the parties have agreed to finally and fully settle Plaintiffs' claims upon the terms and conditions set forth herein;

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1.      Releases by Plaintiffs:  In consideration of the promises and undertakings set forth in this Agreement, Plaintiffs hereby unconditionally and irrevocably release, waive, discharge and gives up any and all Claim (as defined below) that Plaintiffs have or may have against Defendants, all other named defendants in the Action, their successors, assigns and affiliated entities, and each of their respective past and present owners, directors, officers, agents, managers, Plaintiffs, insurers, and attorneys, including but not limited to, all named defendants in the Action (together "Releasees"). "Claims" means any past and present matters, claims, demands, causes of action, and appeals of any kind--whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing.

2.      Payments and Benefits.  Defendants shall pay Plaintiffs a gross settlement sum of **$75,000.00** ("Settlement Sum"), in accordance with the schedule attached hereto as Attachment "A."  All payments shall be delivered to Joseph & Norinsberg, LLC as attorneys for Plaintiffs, based on the below schedule:

| Names | Payment Type | 1st Installment (May 2, 2020) | 2nd Installment (July 2, 2020) | 3rd Installment (Sept. 2, 2020) | Totals |
|---|---|---|---|---|---|
| Joseph & Norinsberg | N/A | $8,896.67 | $8,896.67 | $8,896.66 | $26,690.00 |
| Hector Nunez | Subject to W2 | $3,718.34 | $3,718.34 | $3,718.34 | $22,310.00 |
| | Subject to 1099 | $3,718.33 | $3,718.33 | $3,718.33 | |
| Rosario Reyes | Subject to W2 | $2,166.67 | $2,166.67 | $2,166.67 | $13,000.00 |
| | Subject to 1099 | $2,166.66 | $2,166.66 | $2,166.66 | |
| Blas Diaz | Subject to W2 | $2,166.67 | $2,166.67 | $2,166.67 | $13,000.00 |
| | Subject to 1099 | $2,166.66 | $2,166.66 | $2,166.67 | |
| **Total** | | **$25,000.00** | **$25,000.00** | **$25,000.00** | **$75,000.00** |

Notwithstanding the foregoing, Defendants shall not be obligated to deliver any payment unless and until this Agreement is judicially approved.

3.      Default.  In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 2 above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel may serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail.  Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment.  If Defendants fail timely to cure the default, Plaintiffs shall be entitled to the entire unpaid balance, an equal amount representing liquidated damages of the unpaid balance, plus reasonable attorneys' fees and costs incurred. Defendant Liberty Place Property Management shall execute an affidavit of confession of judgment, contemporaneous with the execution of the within agreement (Exhibit A), which Plaintiffs may file if, and only if Defendants fail to cure after service of Default Notice, within thirty days.

4.      Dismissal of the Action.  The parties prepare and file a written consent to jurisdiction of U.S.M.J. Sarah Netburn and shall submit a request for judicial approval of the Agreement and a Stipulation of Dismissal of the Action in its entirety, with prejudice, and with each side bearing its own fees and costs. (Exhibit B). However, U.S.M.J. Sarah Netburn shall retain jurisdiction over this matter until such time that all settlement sums, provided for herein, are paid in full.

5.      Notices:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Chaya M. Gourarie
Joseph & Norinsberg, LLC
225 Broadway, Suite 2700
New York, NY 10007

To Defendants:

Arthur J. Robb
Clifton Budd & DeMaria, LLP
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, NY 10118

6.      Severability. If any term, provision, covenant or restriction contained in this
        Agreement, or any part thereof, is held by a court of competent jurisdiction, or
        any foreign, federal, state, county or local government or any other governmental
        regulatory or administrative agency or authority or arbitration panel, to be invalid,
        void or unenforceable or against public policy for any reason, the remainder of the
        terms, provisions, covenants and restrictions in this Agreement shall remain in
        full force and effect.

7.      Governing Law. This Agreement shall be governed by and enforced in
        accordance with the laws of the State of New York without regard to its conflicts
        of law principles. Venue and jurisdiction for any dispute between the parties shall
        lie in the United States District Court for the Eastern District of New York.
        However, if the District Court should refuse or decline to accept jurisdiction over
        the settlement for any reason, the Parties agree that this Agreement may be
        enforced in a court of competent jurisdiction located in Nassau County, New
        York. Plaintiffs and Defendants (i) accept unconditionally, the exclusive
        jurisdiction of such courts, and (ii) irrevocably waive any objection, including,
        without limitation, any objection to the laying of venue based on the grounds of
        forum non conveniens, which Plaintiffs and Defendants may now or hereafter
        have to the bringing of any lawsuit, proceeding or action in those jurisdictions.

8.      Headings. The headings in this Agreement are included for convenience of
        reference only and shall not affect the interpretation of this Agreement.

9.      Counterparts. This Agreement may be executed and delivered with facsimile or
        electronic signature and in two or more counterparts, each of which shall be
        deemed an original, but all of which together shall constitute one and the same
        instrument.

10.     No Other Assurances. Plaintiffs acknowledges that, in deciding to sign this
        Agreement, Plaintiffs have not relied on any promises or commitments, whether
        spoken or in writing, made to Plaintiffs by any person, except for what is
        expressly stated in this Agreement. This Agreement constitutes the entire
        understanding and agreement between Plaintiffs and Defendants.

11.     Opportunity for Review. Plaintiffs represents and warrants that Plaintiffs: (i) had
        an opportunity to consider this Agreement; (ii) read this Agreement; (iii)
        understand all the terms and conditions hereof; (iv) are not incompetent and do
        not have guardians, conservators or trustees appointed for Plaintiffs; (v) have
        voluntarily entered into this Agreement of Plaintiffs' own free will and volition,

without any coercion or duress; (vi) have duly executed and delivered this Agreement; (vii) have been specifically advised to consult with legal counsel of Plaintiffs' choice and has done so; and (viii) understand that this Agreement is valid, binding and enforceable against the parties hereto in accordance with its terms.

12.    <u>Inadmissibility of Agreement</u>.  This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

13.    <u>Modification.</u>  This Agreement may only be modified, altered or changed in writing, signed by the Parties.

14.    <u>Reconocimiento en Español (Spanish Acknowledgment)</u>:  Los empleados declaran que su idioma principal es el español y que el abogado de los empleados, Joseph & Norinsberg, LLC  ha revisado todos los términos de este Acuerdo con ellos en español.  Los empleados entendieron completamente todos los términos de este Acuerdo y los aceptan voluntariamente mediante la firma a continuación. (Plaintiffs represents that their primary language is Spanish and that Plaintiffs' counsel, Joseph & Norinsberg, LLC has reviewed all terms of this Agreement with them in Spanish.  Plaintiffs fully understood all terms of this Agreement and voluntarily accept them by signing below.)

15.    <u>Signatories' Representations</u>.   The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

Agreed to and accepted by, on this _20_ th day of May, 2020

X _____
Hector Nunez

Agreed to and accepted by, on this ____th day of May, 2020

_____
Esteban Rosario-Reyes

Agreed to and accepted by, on this ____th day of May, 2020

_____
Blas Diaz

without any coercion or duress; (vi) have duly executed and delivered this Agreement; (vii) have been specifically advised to consult with legal counsel of Plaintiffs' choice and has done so; and (viii) understand that this Agreement is valid, binding and enforceable against the parties hereto in accordance with its terms.

12.  Inadmissibility of Agreement. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

13.  Modification.  This Agreement may only be modified, altered or changed in writing, signed by the Parties.

14.  Reconocimiento en Español (Spanish Acknowledgment): Los empleados declaran que su idioma principal es el español y que el abogado de los empleados, Joseph & Norinsberg, LLC  ha revisado todos los términos de este Acuerdo con ellos en español.  Los empleados entendieron completamente todos los términos de este Acuerdo y los aceptan voluntariamente mediante la firma a continuación. (Plaintiffs represents that their primary language is Spanish and that Plaintiffs' counsel, Joseph & Norinsberg, LLC has reviewed all terms of this Agreement with them in Spanish.  Plaintiffs fully understood all terms of this Agreement and voluntarily accept them by signing below.)

15.  Signatories' Representations.   The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

Agreed to and accepted by, on this _____th day of May, 2020

_____
Hector Nunez

Agreed to and accepted by, on this _6___ th day of May, 2020

_____
Esteban Rosario-Reyes

Agreed to and accepted by, on this _____th day of May, 2020

_____
Blas Diaz

4

without any coercion or duress; (vi) have duly executed and delivered this Agreement; (vii) have been specifically advised to consult with legal counsel of Plaintiffs' choice and has done so; and (viii) understand that this Agreement is valid, binding and enforceable against the parties hereto in accordance with its terms.

12.     <u>Inadmissibility of Agreement</u>.  This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

13.     <u>Modification.</u>  This Agreement may only be modified, altered or changed in writing, signed by the Parties.

14.     <u>Reconocimiento en Español (Spanish Acknowledgment):</u>  Los empleados declaran que su idioma principal es el español y que el abogado de los empleados, Joseph & Norinsberg, LLC  ha revisado todos los términos de este Acuerdo con ellos en español.  Los empleados entendieron completamente todos los términos de este Acuerdo y los aceptan voluntariamente mediante la firma a continuación. (Plaintiffs represents that their primary language is Spanish and that Plaintiffs' counsel, Joseph & Norinsberg, LLC has reviewed all terms of this Agreement with them in Spanish.  Plaintiffs fully understood all terms of this Agreement and voluntarily accept them by signing below.)

15.     <u>Signatories' Representations</u>.   The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

Agreed to and accepted by, on this ____th day of May, 2020

_____
Hector Nunez

Agreed to and accepted by, on this ____th day of May, 2020

Esteban Rosario-Reyes

Agreed to and accepted by, on this ____th day of May, 2020

_____
Blas Diaz

4

Agreed to and accepted by, on this _____th day of May, 2020

Liberty Place Property Management

By:_____
Name:
Title:    COO

Agreed to and accepted by, on this _____th day of May, 2020

CRP Park Avenue, LLC

By:_____
Name:
Title:    COO

Agreed to and accepted by, on this _____th day of May, 2020

LPPM Payroll, LLC

By:_____
Name:
Title:    COO

5

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
HECTOR NUNEZ, ESTEBAN ROSARIO-
REYES, and BLAS DIAZ,

                     Plaintiffs,          **AFFIDAVIT OF JUDGMENT
BY CONFESSION**

  -against-

LIBERTY PLACE PROPERTY MANAGEMENT,     Index No.
CRP PARK AVENUE, LLC, and LPPM
PAYROLL, LLC

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Rick SERRAPICA, being duly sworn, deposes and says:

    1.    I am an authorized agent of Liberty Place Property Management and duly authorized to make this affidavit on its behalf.

    2.    This Affidavit of Confession of Judgment is for a debt justly due by Defendants to Plaintiff arising from Settlement Agreement between Plaintiff and Defendants (the Settlement Agreement").

    3.    The Settlement Agreement sets forth a gross settlement sum of $75,000.00, payable in three installments of 25,000.00 each.

    4.    If, and only if, Defendants default and fail to cure in accordance with paragraph 3 of the Settlement Agreement, then I hereby confess judgment and authorize entry thereof against Liberty Place Property Management in the sum of $75,000.00, less amounts paid pursuant to the Settlement Agreement (the "Unpaid Balance"), plus an amount equal to the Unpaid Balance in liquidated damages, and statutory interest.

5.     This authorization is subject to the terms and conditions of the Settlement Agreement and may be entered only after strict compliance with the terms of the Settlement Agreement.

6.     The confession and authorization I provide in this affidavit shall expire and be null and void upon full satisfaction of the amount due under the Settlement Agreement.


LIBERTY PLACE PROPERTY MANAGEMENT

By: _____

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF NEW YORK  )

On the 29th day of May, 2020, before me, the undersigned, personally appeared
Rick Semyrace, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed same in his capacity, and that by his signature on the instrument, the entity or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public


```
ROSARIO RUIZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RU6159700
Qualified in Rockland County
Commission Expires January 22, 2023
```

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
HECTOR NUNEZ, ESTEBAN ROSARIO-REYES, and BLAS
DIAZ, on behalf of themselves and all others similarly situated,

                    Plaintiffs,                                      Docket No.: 19-CV-5743 (PAE)

            -against-

LIBERTY PLACE PROPERTY MANAGEMENT, LPPM        **STIPULATION OF**
PAYROLL, LLC, and CRP PARK AVENUE, LLC,           **DISMISSAL WITH PREJUDICE**

                    Defendants.
-------------------------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned

counsel of record for Plaintiffs and Defendants that any and all claims asserted by Plaintiffs in

the above-entitled action are hereby discontinued and dismissed, with prejudice, as against

Defendants LIBERTY PLACE PROPERTY MANAGEMENT, LPPM PAYROLL, LLC, and CRP

PARK AVENUE, LLC, without costs or attorneys' fees to any party as against another.

Date:   New York, New York
       June 10, 2020


JOSEPH & NORINSBERG, LLC          CLIFTON BUDD & DeMARIA, LLP


BY: _____       BY: *Arthur Robb*_____
   Chaya M. Gourarie, Esq.            Arthur Robb, Esq.
   225 Broadway, Suite 2700         Kathryn E. Cronin, Esq.
   New York, New York 10007        The Empire State Building
   Phone: (212) 227-5700            350 Fifth Avenue, 61st Floor
   *Attorneys for Plaintiffs*            New York, New York 10118
                                 (212) 687-7410
                               *Attorneys for Defendants*